```
RECEIPT # _____
AMOUNT $ /50
SUMMONS ISSUED Y-4
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE  11-19-04
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LIVING HOPE CHURCH OF THE NAZARENE;   )   Civil Case No. _____
GENE HEBERT, Lead Pastor of the Living Hope )
Church of the Nazarene; BEVERLY CHURCH )
OF THE NAZARENE; and KIM RICHARDSON, )
Senior Pastor of the Beverly Church of the )
Nazarene Living Hope Church of the Nazarene )
      Plaintiffs, )
)
v. )
)
CITY OF PEABODY; MICHAEL BONFANTI, )
Mayor and Chairman, ex-officio, Peabody Public )
Schools School Committee, in his official and )
individual capacities; JOHN TUNNEY, )       **04 CV 12452 MLW**
Business Manager of the Peabody Public Schools, )
in his official and individual capacities; )
NADINE BINKLEY, Superintendent of the )       MAGISTRATE JUDGE _____
Peabody Public Schools in her official and )
individual capacities, )
      Defendants. )

## COMPLAINT FOR INJUNCTIVE
## AND DECLARATORY RELIEF AND DAMAGES

### INTRODUCTION

This is a civil rights action to vindicate Plaintiffs' rights, under the First and Fourteenth Amendments, to access Peabody Public Schools facilities on an equal basis as all other private users, wherein those facilities are open to a broad array of private users, by the policy and practice of Peabody Public Schools.

### JURISDICTION

1.  This action arises under the United States Constitution, particularly the First and

1

Fourteenth Amendments; and under federal law, particularly 28 U.S.C. § 2201 and 42 U.S.C. §§ 1983 and 1988.

2. This Court is vested with original jurisdiction over these federal claims by operation of 28 U.S.C. §§ 1331 and 1343.

3. This Court is vested with authority to grant the requested declaratory judgment by operation of 28 U.S.C. §§ 2201. *et seq.*

4. This Court is authorized to issue the requested injunctive relief pursuant to 42 U.S.C. § 1983 and Rule 65 of the Federal Rules of Civil Procedure.

5  This Court is authorized to award attorneys fees pursuant to 42 U.S.C. § 1988.

## VENUE

6. Venue is proper in United States District Court for the District of Massachusetts under 28 U.S.C. § 1391(b), because the events giving rise to the claim occurred within the district.

## IDENTIFICATION OF PARTIES

**Plaintiffs:**

7. Plaintiff Living Hope Church of the Nazarene is a ministry of Plaintiff Beverly Church of the Nazarene, and the principal address for both ministries is 556 Cabot Street, Beverly, Massachusetts 01915. *See Affidavit of Gene Hebert* ("Aff. Hebert") ¶ 2, attached hereto as Exhibit A; *Affidavit of Kim Richardson* ("Aff. Richardson") ¶ 2, attached hereto as Exhibit B.

8. Plaintiff Beverly Church of the Nazarene is a tax exempt, 501(c)(3) organization, and has been granted tax exempt status by the Massachusetts Department of Revenue. *See* Mass. Dept. Rev. Notice of Tax Exemption No. 30048, attached hereto as Exhibit D.

9. Plaintiff Kim Richardson is the Senior Pastor of Beverly Church of the Nazarene and

the Senior Pastor of Living Hope Church of the Nazarene. *Aff. Richardson* ¶ 1.

10. Plaintiff Gene Hebert is the Lead Pastor of Living Hope Church of the Nazarene, and the Associate Pastor of Beverly Church of the Nazarene.

11. Plaintiffs prayed about expanding the ministry of Beverly Church of the Nazarene and decided to begin a new ministry, Living Hope Church of the Nazarene, in Peabody, Massachusetts. *Aff. Hebert* ¶ 3; *Aff. Richardson* ¶ 3.

**Defendants:**

12. Defendant City of Peabody is the body politic which oversees the Peabody Public Schools Committee; Peabody Public Schools is considered a department of the City of Peabody, and the School Committee has "control of all school buildings and grounds connected therewith and shall make all reasonable rules and regulations, consistent with law, for the management of the public schools of the city and for conducting the business of the committee." Mass. Gen. Laws ch. 43, § 33 (2004). The City of Peabody may sue and be sued under Mass. Gen. Laws. ch. 40, § 2 (2004).

13. Defendant Michael Bonfanti is the Mayor of the City of Peabody and the Chairman, ex-officio, of the Peabody Public Schools Committee.

14. Defendant John Tunney is the Business Manager for Peabody Public Schools.

15. Defendant Nadine Binkely is the Superintendent of the Peabody Public Schools.

16. On information and belief, Defendant Tunney, as an agent of the City of Peabody, is charged with responsibility for implementing and enforcing regulations, policies, procedures, and ordinances governing, *inter alia*, community use of the Peabody Public Schools facilities.

17. On information and belief, Defendant Tunney was acting under color of Massachusetts statutes and the City of Peabody regulations, policies, procedures, and ordinances

when he denied Plaintiffs' request to renew their contract for use of the Brown School.

18. On information and belief, Defendant Nadine Binkley, as an agent of the State, is charged with responsibility for implementing and enforcing regulations, policies, procedures, and ordinances governing, *inter alia*, use of the Peabody Public Schools facilities.

19. On information and belief, Defendant Nadine Binkley was acting under color of Massachusetts statutes and the City of Peabody regulations, policies, procedures, and ordinances when she denied Plaintiffs' request to renew their contract for use of the Brown School.

## STATEMENT OF FACTS

20. Plaintiff Gene Hebert is the Lead Pastor of Plaintiff Living Hope Church of the Nazarene, and Associate Pastor of Plaintiff Beverly Church of the Nazarene. *See Aff. Hebert* at ¶ 1.

21. Plaintiff Kim Richardson is the Senior Pastor of Plaintiff Beverly Church of the Nazarene and the Senior Pastor of Plaintiff Living Hope Church of the Nazarene. *See Aff. Richardson* at ¶ 1.

22. Plaintiff Living Hope Church of the Nazarene is a ministry of Plaintiff Beverly Church of the Nazarene, and the principal address for both ministries is 556 Cabot Street, Beverly, Massachusetts 01915. *See Aff. Hebert* at ¶ 2; *Aff. Richarson* at ¶ 2.

23. In June through August 2003, several people from the Beverly Church of the Nazarene began to pray about, research and plan for beginning a new ministry, and in September 2003, Plaintiffs focused on planting this new ministry in the City of Peabody, Massachusetts. Plaintiffs completed the demographics, visited other churches, and prayerfully considered the time line to be established. The new ministry name is Living Hope Church of the Nazarene ("Living

Hope"). *Id.* at ¶¶ 3.

24.     Early in 2004, many things took place in order for Plaintiffs to prepare for a March 14, 2004 opening service. However, Plaintiffs did not obtain a site for the new Church. Plaintiffs explored over twenty-five locations, but none met Plaintiff Living Hope's needs. *Id.* at ¶¶ 4.

25.     During this period, Plaintiffs explored the Peabody Public Schools as a potential location. Plaintiffs inquired with the School Department and were told that, by policy, each individual school principal had the authority to decide who may access Peabody Public School facilities. *Id.* at ¶¶ 5.

26.     On January 6, 2004, Plaintiff Kim Richardson filled out an application with the Peabody Public Schools' business office to determine which, if any, schools would be available. *Id.* at ¶¶ 6.

27.     After a few weeks passed, and after several telephone calls, it became apparent to Plaintiffs that none of the schools were available. *Id.* at ¶¶ 7.

28.     In approximately mid-February 2004, Plaintiff Hebert received a call from the principal of the Brown School, Ernie Osborne. Plaintiff Richardson visited the Brown School and met with Principal Osborne, and he encouraged Plaintiff Hebert to visit the school the next day. Plaintiff Hebert then met with Principal Osborne and the janitors shortly thereafter. All necessary paperwork was completed and signed on February 23, 2004, and the contract ran from March 7 through June 30, 2004. *Id.* at ¶¶ 8.

29.     Plaintiff Hebert, Principal Ernie Osborne, and then-business manager, David Keniston, signed the February 23, 2004 contract. *Aff. Hebert* at ¶9.

30.     Plaintiff Living Hope continued to meet at the Brown School every Sunday, except

Easter, for the next three months. Plaintiffs also rented the facility on a Wednesday evening, May 12, 2004, for a youth activity in conjunction with the Beverly Church of the Nazarene. *Id.* at ¶ 10.

31.     On April 4, 2004, Plaintiffs concluded that they would not be able to move into their permanent space by the end of our contract, and therefore, they requested that they sign another contract for an additional four months. However, when the contract was returned on June 3, 2004, the dates had been changed to reflect June 30, 2004 for the end date. Plaintiffs understood this date change was entered because of construction taking place during the Summer months. *Id.* at ¶ 11.

32.     Plaintiff Hebert, Principal Ernie Osborne, and then-business manager, David Keniston, signed the June 3, 2004 contract. *Aff. Hebert* at ¶ 12.

33.     Plaintiffs informed Principal Osborne and Mr. Keniston that they would likely attempt to rent the facilities again in September 2004. However, Principal Osborne and Mr. Keniston informed Plaintiffs that they would no longer be working in their respective positions in September, and that Plaintiffs would be dealing with new employees. *Id.* at ¶ 13.

34.     Plaintiffs continued to meet during the Summer at the Beverly Church of the Nazarene. *Id.* at ¶ 14.

35.     On or about August 8, 2004, Plaintiff Hebert contacted the business office and requested that it send to Plaintiffs a building use form. At that time, Plaintiff Hebert also contacted the new principal at the Brown School, Patty Messina, to arrange a meeting with her, per Peabody Public Schools policy, for determining the Brown School's availability. *Id.* at ¶ 15.

36.     Plaintiffs met with Principal Messina shortly thereafter, and she informed Plaintiffs that she had spoken to the janitors and received a great report as to Plaintiffs' reliability as renters. She expressed that she would be happy to allow Plaintiff Living Hope Church of the Nazarene to

rent the facilities. *Id.* at ¶ 16.

37.   On August 23, 2004, Plaintiff Hebert received, filled out, and mailed the Brown School's building use form. Plaintiff Hebert requested use from September 12, 2004 through June 12, 2005. *Id.* at ¶ 17.

38.   On September 7, 2004, Plaintiff Hebert called Principal Messina to confirm that the janitor would be ready for Plaintiffs on Sunday and to go over any last minute details. At this time, Plaintiff Hebert also asked her if she had signed the building use form. She informed Plaintiff Hebert that she did not know that she had to sign the form, but would call the business office and sign it right away. *Id.* at ¶ 18.

49.   Principal Messina called Plaintiff Hebert back a few moments later to inform him of a "glitch." She then directed Plaintiff Hebert to call the new business manager, John Tunney. *Id.* at ¶ 19.

40.   Plaintiff Hebert called Mr. Tunney immediately, and he informed Plaintiff Hebert that it was unconstitutional for the Plaintiff Living Hope Church of the Nazarene to use the school building, and that the city attorney, Larry O'Keefe, had confirmed this. *Id.* at ¶ 20.

41.   Plaintiff Hebert informed Mr. Tunney that he was certain that this was not the case, and that he would get back to Mr. Tunney with some information. *Id.* at ¶ 21.

42.   Plaintiff Hebert then obtained some web site materials from the American Center for Law and Justice, www.aclj.org ("ACLJ"), and sent that information, via fax, to Mr. Tunney for his review. Those materials explained that it was not unconstitutional for a church to use a school building on an equal basis with other similar groups. *Id.* at ¶ 22.

43.   On September 7, 2004, Mr. Tunney confirmed to Plaintiff Hebert that he received the

ACLJ's materials that Plaintiff Hebert had faxed over to him, and forwarded those same materials to Attorney O'Keefe. *Id.* at ¶ 23.

44. On September 10, 2004, Mr. Tunney and Plaintiff Hebert conversed again, and Mr. Tunney informed Plaintiff Hebert that he still believed that churches could not access Peabody Public Schools facilities because of "separation of church and state," and that Attorney O'Keefe had confirmed this position. *Id.* at ¶ 24.

45. Plaintiff Hebert then asked Mr. Tunney if having an attorney speak with Attorney O'Keefe would clear up the issue, and Mr. Tunney responded that he had other issues with renting the facilities to Plaintiff Living Hope Church of the Nazarene. *Id.* at ¶ 25.

46. Plaintiff Hebert pressed Mr. Tunney as to the other "issues" he had with Plaintiff Living Hope of the Nazarene's renting the facilities, and Mr. Tunney responded with a further question as to what the Church's criteria would be for leaving the School. *Id.* at ¶ 26.

47. Plaintiff Hebert responded that the Church's criteria for leaving the school would require establishing a stable congregation and achieving financial stability. Mr. Tunney responded by accusing the Church of being a "business just like Kinko's" and informed Plaintiff Hebert that he could not rent to a business. *Id.* at ¶ 27.

48. Plaintiff Hebert then informed Mr. Tunney that Plaintiff Living Hope Church of the Nazarene is a non-profit organization; that they apparently had nothing further to discuss; and that Plaintiff Hebert would be pursuing the issue further. *Id.* at ¶ 28.

49. Following Plaintiff Hebert's conversation with Mr. Tunney, Plaintiff Hebert telephoned Nadine Binkley, the Superintendent of Schools for Peabody Public Schools, and asked her if she was aware of the situation. Superintendent Binkley advised Plaintiff Hebert that she had

8

also been advised by Attorney O'Keefe that renting School facilities to a church would be unconstitutional. *Id.* at ¶ 29.

50. Plaintiff Hebert raised Mr. Tunney's accusation that Living Hope Church of the Nazarene was a business similar to Kinko's with Superintendent Binkley, and she asked that Plaintiff Hebert contact her directly in the future regarding these matters. *Id.* at ¶ 30.

51. Plaintiff Hebert then contacted the ACLJ, Plaintiffs' current attorneys, on September 10, 2004, requesting its representation. *Id.* at ¶ 31.

52. On September 24, 2004, the ACLJ sent a demand letter to Attorney O'Keefe, requesting a response on its position in these matters by October 1, 2004, to which the ACLJ did not receive a response. *Id.* at ¶ 32.

53. Attorney O'Keefe later informed the ACLJ that he had referred the matter to another attorney, Daniel Kulak. However, Attorney Kulak also failed to respond to date. *Id.* at ¶ 33.

54. Plaintiffs prayerfully considered, and decided to file suit in this Court regarding these matters. *Id.* at ¶ 34.

55. Peabody Public Schools' Community Use of School Facilities Policy ("the Policy") allows, as Priority use number 9, "Local not for profit agencies serving the community at large, and not for profit agencies serving the general welfare" to use their facilities. *See* The Policy, attached hereto as Exhibit C.

## ALLEGATIONS OF LAW

56. All acts of the Defendants, their officers, agents, servants, employees, or persons acting at their behest or direction, were done and are continuing to be done under the color and pretense of state law, and constitute violations of 42 U.S.C. § 1983.

57. Plaintiffs have no adequate or speedy remedy at law to correct or redress the deprivations of their federal rights by Defendants.

58. Unless and until the enforcement of the Policy is enjoined, the Plaintiffs will suffer, and continue to suffer, irreparable injury to their federal rights.

### First Cause of Action
### Violation of the Free Speech Clause of the First Amendment

59. Plaintiffs re-allege all matters set forth in the preceding paragraphs and incorporate them herein.

60. The Policy, as applied to Plaintiffs, opens Defendants' facilities for a broad range of community groups and uses, thereby creating a designated public forum.

61. The prohibition of Plaintiffs' religious speech or activities is a content-based and viewpoint-based restriction in a designated public forum.

62. There is no compelling government interest to justify this exclusion.

63. Defendants' denial of Plaintiffs' use, while permitting similar secular events under the Policy, constitutes viewpoint discrimination.

64. Such viewpoint discrimination is unconstitutional in any type of forum.

65. The Policy, as applied to Plaintiffs, is overbroad because it sweeps within its ambit protected First Amendment rights in the form of religious speech.

66. The Policy, as applied to Plaintiffs, is overbroad and chills protected speech by discouraging individuals and groups from applying for access to the forum for the purpose of engaging in certain protected speech.

67. Defendants' Policy, as applied to Plaintiffs, thus constitutes a violation of Plaintiffs' rights under the Free Speech Clause of the First Amendment to the United States Constitution as

incorporated and applied to state action under the Fourteenth Amendment.

WHEREFORE, Plaintiffs respectfully pray that this Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

## Second Cause of Action
## Violation of the Equal Protection Clause of the Fourteenth Amendment

68. Plaintiffs re-allege all matters set forth in the preceding paragraphs and incorporate them herein.

69. Pursuant to the Policy, Defendants allow groups and individuals similarly situated to the Plaintiffs to access to their facilities for a broad range of speech activities without restriction.

70. Defendants can offer no legitimate, let alone compelling, interest to justify their discriminatory treatment of certain religious speech and activities while allowing similar secular speech and activities.

71. The Policy, as applied to Plaintiffs, thus constitutes a violation of Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

## Third Cause of Action
## Violation of the Free Exercise Clause of the First Amendment

72. Plaintiffs re-allege all matters set forth in the preceding paragraphs and incorporate them herein.

73. Defendants have interpreted and applied the Policy to disqualify Plaintiffs from accessing the opened facilities under their control, solely because of the religious nature of Plaintiffs' activities, and the religious content and viewpoint of their speech.

74. Defendants' interpretation and application of the Policy constitutes an excessive burden on Plaintiffs' right to the Free Exercise of Religion where Defendants have discriminated against Plaintiffs' religious speech, as discussed in the preceding paragraphs.

75. No compelling government interest exists which could justify the Defendants' interpretation and application of the Policy to bar Plaintiffs' requested use of their facilities.

76. The Policy, as interpreted and applied by the Defendants prohibiting the use requested by the Plaintiffs, is not the least restrictive means necessary to serve any legitimate interest which Defendants seek thereby to secure.

77. Defendants' interpretation and application of the Policy chills Plaintiffs' freedom of religious discussion and exercise, which are fundamental rights guaranteed Plaintiffs by the First Amendment.

78. The Policy, as applied to Plaintiffs, thus constitutes a violation of Plaintiffs' rights under the Free Exercise Clause of the First Amendment to the United States Constitution as incorporated and applied to state action under the Fourteenth Amendment.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

### Fourth Cause of Action
### Violation of the Establishment Clause of the First Amendment

79. Plaintiffs re-allege all matters set forth in the preceding paragraphs and incorporate them herein.

80. The Policy, as applied to Plaintiffs, prohibits the use of Defendants' designated public forum for religious uses.

81. This prohibition of only religious speech, when other similar secular speech is

permitted, evidences hostility towards religion in violation of the Establishment Clause.

82.     Further, to determine whether an event is held for "religious purposes," the Defendants must analyze the content of speech and other expressive activity involved to determine what and how much religious speech may be occurring.

83.     Obtaining sufficient information for the Defendants to analyze the content of speech and other expressive activity requires ongoing, comprehensive government surveillance that impermissibly entangles the Peabody Public Schools officials with religion and thus violates the Establishment Clause of the First Amendment to the United States Constitution as incorporated and applied to state action under the Fourteenth Amendment.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

a.      That this Court render a Declaratory Judgment declaring that the Policy is invalid as applied to the Plaintiffs under the Constitution of the United States;

b.      That this Court issue a Preliminary and Permanent Injunction restraining enforcement of the Policy in all respects as challenged herein;

c.      That this Court retain jurisdiction of this matter for the purpose of enforcing the Court's Order;

e.      That this Court award Plaintiffs' costs and expenses of this action, including reasonable attorney's fees, in accordance with 42 U.S.C. § 1988 and other applicable law;

f.      That this Court award damages, nominal, compensatory and otherwise, in an amount

13

to be determined by the finder of fact in accordance with the proof, plus interest at the legal rate until paid;

g.  That this Court adjudge, decree and declare the rights and other legal relations of the parties to the subject matter here in controversy, in order that such declarations shall have the force and effect of final judgment; and

h.  That this Court grant such other and further relief as the Court deems equitable, just, and proper.

Respectfully submitted this 19th day of November 2004

AMERICAN CENTER FOR LAW AND JUSTICE, NORTHEAST

*Thomas M. Harvey* (signature)

Thomas M. Harvey, Esq.
MA Bar No. 225050
One Constitution Plaza
Boston, MA 02129
(617) 886-0364
Fax: (617) 598-3900

American Center for Law & Justice
Vincent P. McCarthy, Senior Regional Counsel†
  CT Bar No. 100195
Kristina J. Wenberg, Esq.†
  CT Bar No. 421555
P.O. Box 1629
8 South Main Street
New Milford, Connecticut 06776
(860) 355-1902
Fax: (860 355-8008

† Pro Hac Vice Motion filed simultaneously

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Living Hope Church of the Nazarene et al. v. City of Peabody, et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __NA__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Thomas M. Harvey__
ADDRESS __One Constitution Plaza, Boston, MA 02129__
TELEPHONE NO. __(617) 886-0364__

(Coversheetlocal.wpd - 10/17/02)

## CIVIL COVER SHEET

≋JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Living Hope Church of the Nazarene; Hebert, Gene; Beverly Church of the Nazarene; and Richardson, Kim L.

**DEFENDANTS** City of Peabody; Mayor and Chairman, ex-officio of Peabody Public Schools, Bonfanti, Michael; Peabody Public Schools Business Manager, Tunney, John; (cont'd

(b) County of Residence of First Listed Plaintiff  Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

04cv12452-MLW

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Thomas M. Harvey, Attorney at Law
One Constitution Plaza
Boston, MA  02129    (617) 886-0364

Attorneys (If Known)

Daniel Kulak, Esq.
40 Lowell Street, Suite 14
Peabody, MA  01960    (978) 532-2060

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Propery 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. secs. 1983 and 1988.  Claims include Freedom of Speech, Free Exercise of Religion, & Establishment Clause under the First amendment; Equal Protection under the 14th amend.

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ nominal & other    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  November 19, 2004    SIGNATURE OF ATTORNEY OF RECORD  Thomas M. Harvey

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

CIVIL COVER SHEET, Page 2 of 2

DEFENDANTS Continued

Peabody Public Schools Superintendent, Binkley, Nadine