UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12452-MLW

|  |  |
|---|---|
| LIVING HOPE CHURCH OF THE NAZARENE; GENE HERBERT, Lead Pastor of the Living Hope Church of the Nazarene; BEVERLY CHURCH OF THE NAZARENE; and KIM RICHARDSON, Senior Pastor of the Beverly Church of the Nazarene Living Hope Church of the Nazarene; <br>     Plaintiffs <br><br> v. <br><br> CITY OF PEABODY; MICHAEL BONFANTI, Mayor and Chairman, ex-officio, Peabody Public Schools School Committee, in his official and individual capacities; JOHN TUNNEY, Business Manager of the Peabody Public Schools, in his official and individual capacities; NADINE BINKLEY, Superintendent of the Peabody Public Schools in her official and individual capacities; <br>     Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### ANSWER AND JURY DEMAND OF DEFENDANTS, CITY OF PEABODY, MICHAEL BONFANTI, JOHN TUNNEY AND NADINE BINKLEY

#### FIRST DEFENSE

The plaintiffs' Complaint fails to state a claim upon which relief can be granted and, therefore, must be dismissed.

#### SECOND DEFENSE

The defendants, the City of Peabody, Michael Bonfanti, John Tunney and Nadine Binkley, hereby respond to the allegations contained in the plaintiffs' Complaint, paragraph by paragraph, as follows:

**Introduction**

The defendants admit that the plaintiffs seek recovery under the First and Fourteenth

Amendments of the United States Constitution. The defendants deny the plaintiffs have been denied access to Peabody Public School facilities on an equal basis with other private users. The defendants neither admit nor deny the contents of the Peabody policy for "Community Use of School Facilities," as it is a written document which speaks for itself. The defendants deny that said policy was unfairly or unconstitutionally applied to the plaintiffs.

### Jurisdiction

1. The defendants neither admit nor deny the statements contained in Paragraph 1 as they are mere conclusions of law to which no response is required.

2. The defendants do not dispute the jurisdiction of this Court.

3. The defendants neither admit nor deny the statements contained in Paragraph 3 as they are mere conclusions of law to which no response is required.

4. The defendants neither admit nor deny the statements contained in Paragraph 4 as they are mere conclusions of law to which no response is required.

5. The defendants neither admit nor deny the statements contained in Paragraph 5 as they are mere conclusions of law to which no response is required.

### Venue

6. The defendants do not dispute venue.

### Identification of Parties

**Plaintiffs:**

7. The defendants neither admit nor deny the allegations contained in Paragraph 7, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

8. The defendants neither admit nor deny the allegations contained in Paragraph 8, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

9. The defendants neither admit nor deny the allegations contained in Paragraph 9, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

10. The defendants neither admit nor deny the allegations contained in Paragraph 10, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

11. The defendants neither admit nor deny the allegations contained in Paragraph 11, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

**Defendants:**

12. The defendants admit the City of Peabody is a body politic and that the School Department is department within City government. The defendants neither admit nor deny the provisions of M.G.L. cc. 40 or 43, as such statements are mere conclusions of law to which no response it required.

13. The defendants admit the allegations contained in Paragraph 13.

14. The defendants admit the allegations contained in Paragraph 14.

15. The defendants admit the allegations contained in Paragraph 15.

16. The defendants admit that the defendant, John Tunney, as School Business Manager, performs various duties and responsibilities delegated to him by the Peabody School Committee and the Superintendent. The defendants neither admit nor deny the remainder of the allegations contained in Paragraph 16, because they are vague and contain mere statements of law to which no response is required.

17. The defendants admit that the defendant, John Tunney, was acting under color of state law and within the scope of his employment at all relevant times.

18. The defendants admit that the defendant, Dr. Nadine Binkley, performs various duties and responsibilities delegated to her by the Peabody School Committee and under Massachusetts law. The defendants neither admit nor deny the remainder of the allegations contained in Paragraph 18, because they are vague and contain mere statements of law to which no response is required.

19. The defendants admit that the defendant, Dr. Nadine Binkley, was acting under color of state law and within the scope of her employment at all relevant times.

**Statement of Facts**

20. The defendants neither admit nor deny the allegations contained in Paragraph 20, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

21. The defendants neither admit nor deny the allegations contained in Paragraph 21, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

22. The defendants neither admit nor deny the allegations contained in Paragraph 22, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

23. The defendants neither admit nor deny the allegations contained in Paragraph 23, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

24. The defendants neither admit nor deny the allegations contained in Paragraph 24, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

25. The defendants neither admit nor deny the allegations contained in Paragraph 25, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

26. The defendants admit that the plaintiff, Kim Richardson, completed an application, but neither admit nor deny the contents of same as it is a written document which speaks for itself.

27. The defendants neither admit nor deny the allegations contained in Paragraph 27, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

28. The defendants neither admit nor deny the allegations contained in the first three sentences of Paragraph 28, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same. The defendants neither admit nor deny the contents of the "necessary paperwork" completed and signed on February 23, 2004, as it consists of written documents which speak for themselves.

29. The defendants neither admit nor deny the allegations contained in Paragraph 29, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

30. The defendants admit the allegations contained in Paragraph 30.

31. The defendants neither admit nor deny the allegations contained in Paragraph 31, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

32. The defendants neither admit nor deny the allegations contained in Paragraph 32, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

33. The defendants neither admit nor deny the allegations contained in Paragraph 33, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

34. The defendants neither admit nor deny the allegations contained in Paragraph 34, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

35. The defendants neither admit nor deny the allegations contained in Paragraph 35, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

36. The defendants neither admit nor deny the allegations contained in Paragraph 36, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

37. The defendants admit receipt of a completed Application for Use of School Facilities from the Church of the Nazarene dated August 23, 2004. The defendants neither admit nor deny the contents of same as it is a written document which speaks for itself.

38. The defendants neither admit nor deny the allegations contained in Paragraph 38, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

49. (sic) The defendants neither admit nor deny the allegations contained in Paragraph 49 (sic), because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

40. The defendants admit that City Solicitor, Lawrence J. O'Keefe, provided a written opinion to Dr. Binkley regarding plaintiffs' use of Peabody Public Schools to hold religious services. The defendants neither admit nor deny the contents of Attorney O'Keefe's opinion as it is a written document which speaks for itself. The defendants neither admit nor deny the remainder of the allegations contained in Paragraph 40, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

41. The defendants neither admit nor deny the allegations contained in Paragraph 41, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

42. The defendants admit receipt of faxed materials from the plaintiff, Gene Hebert, but neither admit nor deny the contents of same as they are written documents which speak for themselves. Therefore, the defendants call upon the plaintiffs to prove same. In the event a response is nonetheless required, the defendants deny that the plaintiffs were denied access to Peabody Public Schools on an equal basis with other similar groups, and further deny that plaintiffs' use of the Peabody Public Schools to hold religious services was constitutional.

43. The defendants neither admit nor deny the allegations contained in Paragraph 43, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

44. The defendants admit that the opinion of plaintiffs' counsel did not change the opinion of the defendants or the City Solicitor. The defendants neither admit nor deny the remainder of the allegations contained in Paragraph 44, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

45. The defendants neither admit nor deny the allegations contained in Paragraph 45, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

46. The defendants neither admit nor deny the allegations contained in Paragraph 46, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

47. The defendants neither admit nor deny the allegations contained in Paragraph 47, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

48. The defendants neither admit nor deny the allegations contained in Paragraph 48, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

49. The defendants neither admit nor deny the allegations contained in Paragraph 49, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

50. The defendants neither admit nor deny the allegations contained in Paragraph 50, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

51. The defendants neither admit nor deny the allegations contained in Paragraph 51, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

52. The defendants admit that plaintiffs counsel sent a demand letter to the City Solicitor, but neither admit nor deny the contents of same as it is a written document which speaks for itself. The defendants deny the remainder of the allegations contained in Paragraph 52.

53. The defendants admit the City Solicitor assigned the matter to Attorney Daniel Kulak, but deny the remainder of the allegations contained in Paragraph 53.

54. The defendants neither admit nor deny the allegations contained in Paragraph 54, because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

55. The defendants neither admit nor deny the contents of the Peabody policy for "Community Use of School Facilities," as it is a written document which speaks for itself.

## Allegations of Law

56. The defendants admit that their actions were done under color of state law. The defendants deny the remainder of the allegations contained in Paragraph 56.

57. The defendants deny the allegations contained in Paragraph 57.

58. The defendants deny the allegations contained in Paragraph 58.

## First Cause of Action – Free Speech Clause of First Amendment

59. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 58 above.

60. The defendants neither admit nor deny the contents of the Peabody policy for "Community Use of School Facilities," as it is a written document which speaks for itself. The defendants deny that said policy was unfairly or unconstitutionally applied to the plaintiffs. In the event a response is nonetheless required, the defendants deny that they created a designated public forum.

61. The defendants deny the allegations contained in Paragraph 61.

62. The defendants deny the allegations contained in Paragraph 62.

63. The defendants deny the allegations contained in Paragraph 63.

64. The defendants deny the allegations contained in Paragraph 64.

65. The defendants deny the allegations contained in Paragraph 65.

66. The defendants deny the allegations contained in Paragraph 66.

67. The defendants deny the allegations contained in Paragraph 67. The defendants further deny that the plaintiffs are entitled to any relief or recovery in this matter.

**Second Cause of Action – Equal Protection Clause of Fourteenth Amendment**

68. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 67 above.

69. The defendants neither admit nor deny the contents of the Peabody policy for "Community Use of School Facilities," as it is a written document which speaks for itself. In further response, the defendants state that the policy is uniformly and fairly applied to all users.

70. The defendants deny the allegations contained in Paragraph 70.

71. The defendants deny the allegations contained in Paragraph 71. The defendants further deny that the plaintiffs are entitled to any relief or recovery in this matter.

**Third Cause of Action – Free Exercise Clause of First Amendment**

72. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 71 above.

73. The defendants deny the allegations contained in Paragraph 73.

74. The defendants deny the allegations contained in Paragraph 74.

75. The defendants deny the allegations contained in Paragraph 75.

76. The defendants deny the allegations contained in Paragraph 76.

77. The defendants deny the allegations contained in Paragraph 77.

78. The defendants deny the allegations contained in Paragraph 78. The defendants further deny that the plaintiffs are entitled to any relief or recovery in this matter.

**Fourth Cause of Action – Establishment Clause of First Amendment**

79. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 78 above.

80. The defendants deny the allegations contained in Paragraph 80.

81. The defendants deny the allegations contained in Paragraph 81.

82. The defendants deny the allegations contained in Paragraph 82.

83. The defendants deny the allegations contained in Paragraph 83. The defendants further deny that the plaintiffs are entitled to any relief or recovery in this matter.

**Prayer for Relief**

The defendants deny that the plaintiffs are entitled to the relief requested in Paragraphs (a) through (h).

### THIRD DEFENSE

The individual defendants are protected from liability under the doctrine of qualified immunity.

### FOURTH DEFENSE

The defendants did not adopt or enforce an unlawful or unconstitutional custom, policy or practice and, therefore, cannot be held liable to the plaintiffs.

### FIFTH DEFENSE

The defendants did not restrict the plaintiffs' free exercise of religion within the meaning of the First Amendment. Even if the defendants restricted the plaintiffs' free exercise of religion (which they deny), such restriction was in the form of a rule of general applicability, and the application of such restriction is essential to a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest.

### SIXTH DEFENSE

The plaintiffs' use of the Peabody Public Schools was in violation of the Establishment Clause of the First Amendment.

### SEVENTH DEFENSE

The plaintiffs, by their conduct or actions, are estopped from recovering in this matter as against the defendants.

### EIGHTH DEFENSE

The plaintiffs' recovery (if any) must be diminished in proportion to plaintiffs' failure to mitigate their damages.

### NINTH DEFENSE

The plaintiffs lack standing to recover.

### TENTH DEFENSE

Plaintiffs' use of defendants' premises unlawfully dominates the forum and, therefore, may be prohibited.

### JURY DEMAND

The defendants demand a trial by jury on all issues so triable.

The Defendants,
CITY OF PEABODY; MICHAEL BONFANTI, Mayor and Chairman, ex-officio, Peabody Public Schools School Committee, in his official and individual capacities; JOHN TUNNEY, Business Manager of the Peabody Public Schools, in his official and individual capacities; NADINE BINKLEY, Superintendent of the Peabody Public Schools in her official and individual capacities;
By their attorneys,

PIERCE, DAVIS & PERRITANO, LLP

John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant, by mail/by hand.

12/13/04
Date